This action is not brought upon the original contract entered into by the parties; because, on that contract, there could be no recovery by the plaintiff, as he himself has not performed it. But it is brought upon an implied assumpsit to recover freight pro rata itineris peracti.
When the law imposes an obligation on any one to pay a sum of money, it is because a benefit, somehow or other, has previously arisen to such person. And I admit, in the case now under consideration, that if the defendant had received that part of the cargo which was saved, authorities are not wanted to show that they would be bound to pay to the plaintiff freight pro rata itineris. But this was not the case. It does not appear that they were at all benefited by it. They abandoned in favor of the underwriters, upon whom (if upon any person) the obligation of paying freight was created, because they were the persons benefited.
Whether the plaintiff (as he was not requested by the defendant to procure another ship to proceed on the voyage) had not a lien on the cargo saved, for freight, as against the underwriters, or whether, as it was given up to them, the law would not raise an obligation upon them to pay freight pro rata itineris, it is not necessary now to consider. But such a course would seem to be more just than that the fedendants [defendants] should pay it.
Lutwidge v. Grey, supra, seems not to be applicable, because in that case the owner of the ship which was cast away offered to furnish another ship and proceed on the voyage; in consequence of which he recovered full freight on the original contract, not upon an implied assumpsit; and the shippers in that case abandoning to the underwriters made no difference, because by their so doing they could (463) not exonerate themselves from their original contract to pay freight, to the benefit of which the plaintiff was entitled, as it was owing to no fault in him that the contract had not been executed on his part.
The same may be said of Luke v. Lyde. In that case the goods were not abandoned, but received by the freighter. Of course, as he was thereby benefited, he was compelled to pay freight pro rata itineris.
In this opinion it is likely I may be mistaken, for two reasons: first, because, from local situation, I have not often been let to the consideration of such questions; and, secondly, because a majority of my brethren think so. But judging for myself, I cannot agree that judgment shall be entered for the plaintiff. *Page 344